IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **THOMCRETE CONSTRUCTION, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:11CV00054 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DEREK KASEY McPHERSON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*James L. Humphreys and Terry G. Kilgore, Hunter, Smith & Davis, LLP, Kingsport, Tennessee, and Gate City, Virginia, for Plaintiff; Roy M. Jessee, Mullins, Harris & Jessee, Norton, Virginia, for Defendant; and Kenneth F. Hardt, Sinnott, Nuckols & Logan, PC, Midlothian, Virginia, for Travelers Casualty Insurance Company of America.*

In this motor vehicle accident case, brought under the court's diversity jurisdiction, the defendant, Derek Kasey McPherson, along with the underinsured motorist carrier, Travelers Casualty Insurance Company of America, have moved to dismiss in part the Amended Complaint filed by ThomCrete Construction Inc. They argues that the Amended Complaint ought to be dismissed to the extent that it seeks to recover for the plaintiff's increased expenses and lost profits on certain construction projects resulting from damage to the specialized concrete equipment allegedly caused by defendant McPherson's negligence. It is contended that such damages are not allowable under Virginia law because they are too remote and are uncertain and speculative.

It is certainly true that damages that could not have been reasonably foreseen or anticipated by a prudent person are not recoverable in a tort action under Virginia law.  *See Tullock v. Hoops*, 145 S.E.2d 152, 155 (Va. 1965).  On the other hand, where a profitable business is interrupted by the conduct of the tortfeasor, and there is sufficient evidence to show that but for the disruption the plaintiff would not have lost profits, such amounts are recoverable.  *See United Constr. Workers v. Laburnum Constr. Corp.*, 75 S.E.2d 694, 705-707 (Va. 1953).  Where such profits are uncertain or speculative, there can be no recovery.  *See Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 440 S.E.2d 606, 609 (Va. 1994).

In the present case, I cannot determine solely on the pleadings whether the plaintiff will be entitled to recover the damages claimed.  It may very well be that after the presentation of evidence, either on a motion for summary judgment or at trial, those damages will be excluded from the case.  In the present procedural posture of the case, however, such a ruling cannot be made.  Accordingly, I have denied the motions to dismiss.

DATED:   February 22, 2012

/s/  James P. Jones
United States District Judge